IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>WAYNE COUNTY SCHOOL SYSTEM, and HAROLD HILL,<br><br>    Defendants. | CIVIL ACTION NO.: 2:24-cv-5 |

**O R D E R**

Defendants filed a Motion to Stay Case Pending Resolution of Criminal Charges Against Defendant Hill.  Doc. 19.  Plaintiff opposes a stay.  Doc. 26.  Defendant Wayne County School System ("WCSS") and Defendant Harold Hill each filed a separate Reply brief.  Docs. 30, 31.  Upon careful consideration, I **GRANT in part** and **DENY in part** Defendants' Motion to Stay.  I **STAY** discovery **until September 25, 2024**.

Although discovery is stayed, I **ORDER** each Defendant to file a responsive pleading or motion under Federal Rule of Civil Procedure 12 and a response to Plaintiff's motion for leave to proceed under pseudonym **within 14 days of this Order.**  Further, I **ORDER** the parties to conduct their Rule 26(f) conference **on or before September 25, 2024**, and file a Rule 26(f) Report within seven days of the conference.[1]

---

[1] If Defendant Hill's criminal trial is delayed by any significant amount of time, the parties are directed to inform the Court promptly.  The Court will then assess whether the stay should be extended.

**I.      Background**

Plaintiff's claims arise from an alleged sexual assault on or about October 19, 2021, at Wayne County High School.  Doc. 1.  Plaintiff alleges Defendant Hill, an instructor at Wayne County High School, assaulted Plaintiff, a minor student, inside a school storage trailer.  Id. at 3–4.  Plaintiff and her parents reported the incident later that day.  Id. at 4.  School officials and police interviewed Plaintiff.  Id.  The school nurse examined Plaintiff, but the nurse refused to take photographs of Plaintiff's injuries.  Id.

Plaintiff alleges Defendant WCSS failed to assist Plaintiff when she returned to school two weeks later.  Id. at 5.  Plaintiff alleges teachers and students harassed, bullied, and retaliated against her for reporting the assault.  Id. at 6–7.  Plaintiff alleges Defendant WCSS failed to prevent harassment, mental anguish, and the denial of educational benefits.  Id. at 7.  Plaintiff brings claims against Defendant WCSS under Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681–88 ("Title IX"), and 42 U.S.C. § 1983.  Id. at 11–21.  Plaintiff brings § 1983 claims against Defendant Hill along with claims for negligence, battery, false imprisonment, and intentional infliction of emotional distress under Georgia law.  Id. at 21–25.

Defendant Hill was indicted on criminal charges for false imprisonment, sexual battery, and battery on January 24, 2023.  Doc. 19-1.  Trial is set for August 26, 2024, in the Superior Court of Wayne County.  Doc. 19-2.  Defendants move for a stay of all proceedings until October 28, 2024, including Defendants' deadline to file an Answer, Defendants' deadline to respond to Plaintiff's motion for leave to proceed under pseudonym, and discovery proceedings.  Doc. 19 at 1 n.1.  Plaintiff opposes a stay.  Doc. 26.

**II.     Legal Standard**

Defendants argue the Court should use its discretion to stay these proceedings until after

Defendant Hill's criminal trial has concluded.  Notably, Defendants do not argue that a stay is mandatory in these circumstances.[2]  Doc. 31 at 2 ("the parties agree that a potential stay is discretionary").

District courts have broad discretion to "stay proceedings before it in the control of its docket and in the interests of justice." Marti v. Iberostar Hoteles y Apartamentos S.L., 54 F.4th 641, 649 (11th Cir. 2022) (citing Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976)); Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition . . . of its docket with economy of time and effort for itself, for counsel, and for litigants.").  Indeed, staying a civil action until an overlapping criminal proceeding has ended is "within the power of the district court, and in accord with common practice." Wallace v. Kato, 549 U.S. 384, 393–94 (2007).  The party seeking a stay has the burden to show harm if the case goes forward. Landis, 299 U.S. at 255.  "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." SEC v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008) (citing

---

[2] A stay in a civil case based on a parallel criminal proceeding is mandatory only when "'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12 & n.27 (1970)). Special circumstances may arise when the government "brought the civil case solely to obtain evidence for the criminal prosecution" or "the criminal case is unconstitutional or inappropriately instituted." SEC v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008); see also United States v. Kordel, 397 U.S. 1, 11–12 (1970). Additionally, the Eleventh Circuit has explained a court can deny a request for a stay "so long as the privilege's invocation does not compel an adverse judgment against the claimant." United States v. Lot 5, 23 F.3d at 364.  Stated differently, a stay shall be imposed if the civil defendant will, by invoking the privilege, face certain loss of the civil suit, "not merely the loss of his most effective defense." See Davis v. BOJ of WNC, LLC, No. CV 121-155, 2022 WL 18673309, at *2 (S.D. Ga. May 9, 2022) (citing United States v. Premises Located at Route 13, 946 F.2d 749, 756 (11th Cir. 1991)); Ct.-Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer, No. 05-60584-CIV, 2009 WL 800144, at *2 (S.D. Fla. Mar. 25, 2009) ("The law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces certain loss of the civil proceeding on summary judgment if the civil proceeding were to continue."). Defendants do not contend either Defendant in this case would suffer a certain loss from Defendant Hill's invocation of his Fifth Amendment privilege.

United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 364 (11th Cir. 1994)).

      The Eleventh Circuit has defined the circumstances in which a stay in a civil case based on a parallel criminal proceeding is mandatory, but it has not stated what particular facts a court should consider when imposing a discretionary stay. See Cira v. Cnty. of Henry, No. 1:21-CV-1999, 2022 WL 18777372, at *2 (N.D. Ga. Jan. 21, 2022) (observing "the Eleventh Circuit has not adopted a factor test," but that district courts in the Eleventh Circuit often consider a range of factors). District courts considering such requests often evaluate the following factors: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff from delay; (3) the burden any particular aspect of the proceedings may impose on the defendant; (4) the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interests of the public in the pending civil and criminal litigation; (7) the extent the issues in both the civil and criminal cases overlap; and (8) the status of the criminal case. See, e.g., Id.; SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (citing Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995); and then citing Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523 (D.N.J. 1998)). While these factors are informative, no one single factor is determinative, and not every factor will be relevant to every case. Furthermore, at least one court has recognized that these factors tend to "coalesce" into four general categories: "the overlap between the criminal case and the civil case, the prejudice to the defendant absent a stay (including his Fifth Amendment privileges), prejudice to the plaintiff if the stay is granted, and any public and third-party interests." Roche Diagnostics Corp. v. Priority Healthcare Corp., No. 218CV01479, 2019 WL 8014315, at *4 (N.D. Ala. Oct. 30,

4

2019).³

### III. Analysis

#### A. A Stay of Discovery Is Appropriate

Having considered the entire record, I conclude a short stay of discovery is warranted to reduce the potential risk of harm to Defendants and to efficiently control these proceedings until after Defendant Hill's scheduled trial. Plaintiffs have not demonstrated any substantial risk of harm resulting from a short stay of discovery. I address the relevant factors here.

First, there is significant overlap between this civil suit and the criminal case against Defendant Hill. The allegations in the two cases against Defendant Hill are nearly identical, and Plaintiff asserts civil causes of action in this case against Hill that track the criminal charges. Compare Doc. 1 (civil Complaint), with Doc. 19-1 (criminal Indictment). Plaintiff does not dispute there is overlap with Defendant Hill's charges, urging the Court to consider other factors weighing against a stay as to Hill. Doc. 26 at 8.

Plaintiff's claims against Defendant WCSS also overlap with the allegations in Defendant Hill's criminal case. Plaintiff alleges WCSS's response began "immediately" after the incident, when Plaintiff left school, attempted to notify a school administrator, and returned to school that day for an examination and interview. Doc. 1 at 4. Plaintiff alleges WCSS had actual knowledge of the assault. Id. at 7, 13, 25. The issue of Defendant Hill's guilt or innocence likely overlaps with the issue of WCSS's actual knowledge of Defendant Hill's actions. Even if there is not a precise overlap between all of Plaintiff's claims against WCSS and Defendant

---

³ Some courts, like the court in Roche Diagnostics, utilize the multi-factor approach to determine whether "special circumstances" are present, and, therefore, to determine whether a stay is required. I, however, utilize the multi-factor approach to determine whether a stay should be imposed in the absence of special circumstances.

5

Hill's criminal case, the overlap is significant.

Second, Defendants face a significant risk of prejudice without a stay of discovery. The parties generally agree Defendant Hill's Fifth Amendment rights are implicated to some extent, but the parties disagree about whether this issue warrants a stay. Generally, the Fifth Amendment permits a person not to answer questions in a civil proceeding where the answers might incriminate him in future criminal proceedings. Erwin v. Price, 778 F.2d 668, 669 (11th Cir. 1985) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)). The Fifth Amendment is violated when a defendant in a civil case is forced to choose between waiving his Fifth Amendment privilege or facing an adverse judgment, that is, the automatic entry of summary judgment. United States v. Premises Located at Route 13, 946 F.2d 749 (11th Cir. 1991) (citing Pervis v. State Farm Fire & Cas. Co., 901 F.2d 944, 946–47 (11th Cir. 1990)). However, the Fifth Amendment does not forbid adverse inferences against civil defendants. Id. (citing United States v. A Single Family Residence & Real Prop., 803 F.2d 625, 629 n. 4 (11th Cir. 1986)). An adverse inference may be drawn against parties in a civil case when they refuse to testify in response to probative evidence offered against them. Coquina Invs. v. TD Bank, N.A., 760 F.3d 1300, 1310 (11th Cir. 2014) (quoting Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)).

Defendant Hill's Fifth Amendment rights implicate a risk of adverse inference if he invokes his rights and refuses to answer questions in this case. Defendant Hill faces very similar allegations in both this civil case and the pending criminal case. Both cases include claims or allegations of false imprisonment, sexual battery, and battery arising from an attack on or about October 19, 2021. Compare Doc. 1 (civil complaint), with Doc. 19-1 (criminal indictment). There is nothing to suggest any third party witnessed the interaction between Plaintiff and Defendant Hill on the day of the alleged assault. Defendant Hill's own testimony may be the

6

only evidence he has to refute Plaintiff's testimony against him.  Such unrefuted testimony could result in an adverse inference, if not adverse judgment.  See S.W. v. Clayton Cnty. Pub. Sch., 185 F. Supp. 3d 1366, 1373 (N.D. Ga. 2016) (finding unrefuted testimony from the plaintiff "would almost certainly lead to judgment" against the defendant for sexual assault claims against him).  Thus, there is a likelihood Defendant Hill will invoke the Fifth Amendment, and that could present serious prejudice.

Defendant WCSS also identifies a risk of prejudice if discovery proceeds.  Plaintiff alleges Defendant WCSS had actual knowledge that Defendant Hill sexually assaulted Plaintiff.  Doc. 1 at 7, 13, 25.  Under Title IX, Plaintiff may prove notice by showing a school official knew Defendant Hill was actually sexually harassing Plaintiff.  J.F.K. v. Troup Cnty. Sch. Dist., 678 F.3d 1254, 1260 (11th Cir. 2012).  Defendant Hill's testimony is material to whether he actually harassed Plaintiff, and therefore, whether Defendant WCSS had actual knowledge of the harassment or assault.  Defendant WCSS has not conceded Defendant Hill harassed or assaulted Plaintiff.  Should Defendant Hill invoke the Fifth Amendment and refuse to testify, Defendant WCSS may lose evidence in support of a defense against Plaintiff's claims—namely, that Defendant WCSS lacked notice because Defendant Hill did not actually sexually harass Plaintiff.  To be sure, the mere loss of a defense does not require a stay of discovery.  See Premises Located at Route 13, 946 F.2d at 756.  However, I find Defendant WCSS has shown a sufficient risk of harm to warrant a short, discretionary stay of discovery.

Third, Plaintiff has not demonstrated she will suffer any substantial prejudice from a short stay.  Plaintiff argues time fades memories and obscures evidence.  Plaintiff's high school classmates—important witnesses—will grow and move away from the area.  Doc. 26 at 5–6.  Plaintiff's concerns, though valid, do not overcome the need for a short stay of discovery while

7

Defendant Hill's criminal trial is pending.  Plaintiff's claims arise from events that occurred beginning in October 2021, more than two-and-a-half years ago.  Plaintiff points to no specific prejudice that will arise from waiting a few additional months to begin discovery.  Plaintiff does not identify any specific witness that will unavailable or any tangible evidence that is at risk of destruction.  Plaintiff states only generalized concerns that all plaintiffs may encounter.  Additionally, the criminal investigation of Defendant Hill may help to preserve some evidence relevant to Plaintiff's claims.  See EMC Prop. & Cas. Co. v. 205 Customz, LLC, No. 2:15-CV-00293, 2015 WL 3554737, at *4 (N.D. Ala. June 5, 2015) (finding a parallel criminal investigation of a defendant may benefit plaintiff in civil case); Stockwell v. Hamilton, No. 15-11609, 2016 WL 3438108, at *3 (E.D. Mich. June 23, 2016) ("Witness testimony and documents will be preserved in the [related] criminal proceedings.").

   Fourth, the interests of the public and non-parties do not outweigh Defendants' interests in a stay of discovery.  Plaintiff has identified no other party with a particularized legal interest in the expeditious resolution of this case, only generalized concerns of a large group of people.  Plaintiff's family and friends may have personal interests in this case, but these personal interests do not outweigh Defendants' specific legal interests in a limited stay of discovery.  Similarly, Plaintiff points to no public interest great enough to put Defendants at the risk of discovery.  Plaintiff's claims for private damages based on past injuries do not vindicate any express public interest.  Plaintiff does not claim Defendant Hill or WCSS continues to threaten public safety.  The interests of non-parties and the public too generalized and speculative to outweigh the risk of prejudice Defendants face without a limited stay.

   Fifth, judicial efficiency supports a stay of discovery at this time.  Parallel criminal proceedings "may eliminate the need for some discovery and narrow the scope of the civil case."

EMC Prop. & Cas. Co., 2015 WL 3554737, at *4; see also Roche Diagnostics, 2019 WL 8014315, at *7 ("A 'stay . . . will serve the interests of judicial economy because the resolution of the parallel proceedings will likely serve to narrow the issues and streamline the discovery process in the civil action.'" (quoting Grubbs v. Irey, 2008 WL 906246, at *3 (E.D. Cal. Mar. 31, 2008))). The resolution of criminal cases can have preclusive effects on later civil proceedings, which also favors judicial efficiency. See Vallambrosa Plantation, LLC v. Sikorsky, No. CV415-202, 2015 WL 5604364, at *3 (S.D. Ga. Sept. 21, 2015) (collecting cases). "Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues." Grand Jury Proc. (Williams) v. United States, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993). Here, a limited stay of discovery until after Defendant Hill's trial will result in a relatively brief delay. But waiting until after Defendant Hill's criminal trial to proceed with discovery may result in more narrow, efficient litigation surrounding Defendant Hill's conduct. Indeed, the status of the criminal case—which is set to go to trial in less than two months—supports the imposition of a limited stay.

In sum, Defendants have shown a short stay of discovery is warranted in light of all relevant considerations. Plaintiff has not shown a short stay of discovery will result in a significant risk of harm to her. Accordingly, I **GRANT** Defendants' request for stay of discovery. However, Defendants have not explained the need for stay until October 28, 2024, when Defendant Hill's trial is scheduled to begin on August 26, 2024. Therefore, discovery will be stayed only until September 25, 2024. The parties are ordered to conduct their Rule 26(f) conference on or before September 25, 2024, and file a Rule 26(f) Report within seven days of the conference.

### B.     Defendants Response Deadlines Will Not Be Stayed

Unlike proceeding with discovery, Defendants have not shown a sufficient need for the Court to stay the deadlines for responding to the Complaint and Plaintiff's motion to proceed by pseudonym.  Defendants have not shown they face a significant risk of prejudice merely by filing responses to Plaintiff's Answer and pending motion to proceed under pseudonym.  Defendants will not face an automatic entry of summary judgment based solely on the invocation of privilege in Defendant Hill's Answer, given that this case in is its infancy.  The need for any adverse inference in this case arising from Defendant Hill's invocation of the Fifth Amendment will not manifest for some time.

Further, Defendants do not explain how opposing Plaintiff's motion to proceed under pseudonym will expose them to Fifth Amendment concerns or some other form of prejudice. Defendants have not met Plaintiff's specific claims, allegations, and grounds for proceeding under pseudonym with any specific concerns about prejudice.  Though Defendants show a risk of prejudice without a stay of discovery, Defendants fail to show any risk of prejudice arising from responding to Plaintiff's Complaint and motion to proceed under pseudonym.  Therefore, I **DENY** Defendants' request to stay their responses to Plaintiff's Complaint and Plaintiff's motion to proceed under pseudonym.

### IV.    Conclusion

For the foregoing reasons, I **GRANT in part** and **DENY in part** Defendants' Motion to Stay.  I **STAY** discovery **until September 25, 2024**.

Although discovery is stayed, I **ORDER** each Defendant to file a responsive pleading or motion under Federal Rule of Civil Procedure 12, and a response to Plaintiff's motion for leave to proceed under pseudonym, **within 14 days of this Order.**  Further, I **ORDER** the parties to conduct their Rule 26(f) conference **on or before September 25, 2024**, and file a Rule 26(f)

Report within seven days of the conference.

    **SO ORDERED**, this 5th day of July, 2024.

                                                        BENJAMIN W. CHEESBRO
                                                        UNITED STATES MAGISTRATE JUDGE
                                                        SOUTHERN DISTRICT OF GEORGIA